\*\*E-Filed 12/10/2010\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHONG'S PRODUCE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EL MERCADITO LATINO, LLC, et al.,<br><br>　　　　　Defendants. | Case Number 5:10-cv-05564-JF<br><br>ORDER[1] GRANTING *EX PARTE* APPLICATION FOR TRO AND SETTING CASE MANAGEMENT CONFERENCE TO DISCUSS SCHEDULING OF HEARING ON PRELIMINARY INJUNCTION AND TRIAL<br><br>[re: doc. no. 2] |

　　　　On December 8, 2010, Plaintiff Chong's Produce, Inc. ("Plaintiff") filed the complaint in this action, alleging several claims under the Perishable Agricultural Commodities Act ("PACA"), and a claim for breach of contract. Plaintiff seeks a temporary restraining order ("TRO") and a preliminary injunction enjoining Defendants from dissipating the assets of a PACA statutory trust. The application for TRO is supported by the declaration of Andy Chong, the president of Plaintiff, stating that: Defendant El Mercadito Latino, LLC, which is owned

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-05564-JF
ORDER GRANTING *EX PARTE* APPLICATION FOR TRO ETC.
(JFLC2)

1  and/or managed by Defendants Joel and Carla Villareal (collectively, "Defendants"), purchased
2  fruits and vegetables from Plaintiff for a total amount of $245,932.04 during the period 2008 to
3  June, 2009; while Defendants initially paid the invoices as they came due, Defendants stopped
4  paying at some point and owe an outstanding balance of $13,886.68 for produce that was
5  delivered and accepted; Plaintiff has contacted Defendants weekly about the outstanding invoices
6  and sent a written demand for payment, but Defendants have not made further payments.

7       PACA imposes a statutory trust on all produce-related assets held by agricultural
8  merchants, dealers, and brokers.  7 U.S.C. § 499e(c).  Plaintiff alleges that Defendant is a dealer
9  under PACA.  Complt. ¶ 7.  A district court may issue an order for injunctive relief to preserve
10 the assets of the statutory trust.  *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 158-59 (11th
11 Cir. 1990).

12      The standard for issuing a TRO is the same as that for issuing a preliminary injunction.
13 *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii
14 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323
15 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to
16 succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
17 relief, that the balance of equities tips in his favor, and that an injunction is in the public
18 interest."  *Winter v. Natural Res. Def. Council, Inc.,* --- U.S. ----, 129 S.Ct. 365, 374 (2008).

19      A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an
20 affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or
21 damage will result to the movant before the adverse party can be heard in opposition; and (B) the
22 movant's attorney certifies in writing any efforts made to give notice and the reasons why it
23 should not be required."  Fed. R. Civ. P. 65(b)(1).  Moreover, in this district an applicant for a
24 TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause
25 shown."  Civ. L.R. 65-1(b).

26      Andy Chong states in his declaration that Defendants initially paid their bills but have
27 stopped doing so; that Defendants have failed to respond to weekly demands for payment; and
28 that in his experience when collection efforts regarding produce-related receivables reach this

point, the entity charged with maintaining the PACA trust generally has to be liquidated. Plaintiff that the Court enjoin and restrain Defendants, their agents, subsidiaries, assigns, and banking institutions, and all persons in active concert or participation with Defendants, from the following conduct: dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of PACA without Plaintiff's agreement, or until further order of this Court.

For good cause shown, the Court will issue the requested TRO restraining Defendants from the above conduct pending disposition of Plaintiff's motion for preliminary injunction. The assets subject to this order include all of Defendants' assets unless Defendants can prove to the Court that a particular asset is not derived from perishable commodities, or receivables or proceeds from the sale of such commodities. However, Defendants may sell perishable commodities for fair compensation on the condition that Defendants maintain the proceeds of such sales subject to this Order.

Plaintiff requests that the Court consolidate the hearing on the motion for preliminary injunction with the trial. The Court will set a case management conference for the purpose of discussing this request with counsel.

**ORDER**

(1) Plaintiff's *ex parte* application for TRO is GRANTED. Defendants are HEREBY RESTRAINED from the conduct described above;

(2) a case management conference is HEREBY SET for December 17, 2010, at 10:30 a.m.;

(3) the TRO shall remain in place until midnight on December 24, 2010 or until other order of the Court.

Dated: 12/10/2010

JEREMY FOGEL
United States District

3

Case No. 5:10-cv-05564-JF
ORDER GRANTING *EX PARTE* APPLICATION FOR TRO ETC.
(JFLC2)